GOODTITLE *ex dem* OF POLLARD'S HEIRS V. KIBBE.

1. A certificate from the clerk of the Supreme Court of the United States, stating that a judgment of this court had been there reversed, and thence remanded, that such further proceedings might be had therein, in conformity to the judgment and decree of that court, "as according to right and justice, and the constitution and laws of the United States ought to be had;" does not inhibit this court from looking into the record and deciding the case, upon some point which did not arise in judgment before the Supreme Court of the United States. The decision of that court being conclusive, only as to points there adjudged.

On certificate from the Clerk of the Supreme Court of the United States.

SALLE, for the plaintiff.
STEWART & J. A. CAMPBELL, for the defendant.

COLLIER, C. J.—At the term of this court commencing its session in June, 1839, the judgment rendered by the circuit court of Baldwin in this case was affirmed. From the judgment of this court a writ of error was prosecuted to the Supreme Court of the United States, which court reversed the judgment of this, and remanded the cause, in order that such execution and further proceedings might be had therein, in conformity to the judgment and decree of that court, "as according to right and justice, and the constitution and laws of the United States ought to be had."

On this direction contained in the certificate from the Supreme Court of the U. S., the counsel of the plaintiffs in error, has suggested that the judgment of the circuit court should be reversed and the cause thence remanded, that it may be tried again. This is resisted by the defendant's counsel, on the ground that the bill of exceptions clearly shows, that the property in controversy was situated between high and low water mark, at the time this State was admitted into the union, and for several years thereafter, and consequently did not pass to the plaintiff's by virtue of

the act of Congress of the 26th of May, 1824, entitled " an act granting certain lots of ground to the corporation of the city of Mobile, and to certain individuals of said city," on the construction of which the Supreme Court of the United States founded its judgment.

The evidence set out in the bill of exceptions shows such to have been the location of the property sought to be recovered by the plaintiffs'; yet, no question was made in the circuit court, as to the right of Congress to grant the shore of the navigable waters within the States, but the charge of the court excepted to, relates alone to the construction of the act. The record then presents no other question than those decided by the Supreme Court of the United States.

While we are contented to yield to the mandate of that court all due obedience, we take leave most respectfully to protest against the manner in which the cause was there disposed of. The jurisdiction, which long continued exercise and acquiescence, (if not the constitution) have accorded to the Supreme Court of the United States, over certain judgments of the highest court of a State, is confessedly of great delicacy, and should be exercised in all cases in such a manner, (if practicable) as to give satisfaction to the public, and command for its judgments the force of authority in analagous cases. Such results, we conceive, cannot follow its judgment in the case before us. The Supreme Court of the United States is composed of a *Chief Justice* and eight *Associate Justices*, the opinion of each of whom is entitled to equal weight in determining upon the judgment of the court. This cause was decided by but *seven* of the *Associate Justices*, four of whom were for a reversal, and three for an affirmance of the judgment of this court; while neither the Chief Justice nor Mr. Justice McKinley were present at the argument, or participated in the decision. *And further,* but two of the justices concurred in the opinion which professes to have been delivered as that of the court; while the other two delivered separate opinions, assenting to a judgment of reversal upon different grounds, and for reasons entirely dissimilar. As it was presumable that valuble rights depended upon the interpretation of the act of Con-

Goodtitle *ex dem* of Pollard's heirs v. Kibbe.

gress which the court was required to construe, it seems to us that the cause should have been continued for further argument and a full court.   In our opinion such a course would have been more consonant to the proper administration of justice, and certainly more respectful to a co-ordinate branch of the government of a State.

That the Justices of the Supreme Court of the United States who were favorable to a judgment of reversal, intended to treat otherwise than with the most perfect respect, the opinion of this court, we do not pretend to believe; and what we have said has been dictated solely by a sense of what is due to our official station.

If the location of the premises be as the evidence recited in the bill of exceptions would authorize us to conclude, the disposition now made of this case, can only be important to the defendant, so far as the costs of this court are concerned.   The judgment of the Supreme Court of the United States, can only be conclusive as to the particular points there adjudged, and it will be competent for the defendant to show that the act of Congress is inoperative as it respects the property in controversy. [The Mayor & Aldermen of Mobile v. Eslava, 9 Porter's Rep. 577.]

We have only to add that the judgment of the circuit court of Baldwin is reversed, and the case remanded.


GOLDTHWAITE, J.—Having been concerned as counsel, did not sit in this cause.